# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| TIMOTHY V. ANDERSON, ESQUIRE. ) | Miscellaneous Proceeding |
| ) | |
| _____ ) | |

## ORDER TO SHOW CAUSE AGAINST
## TIMOTHY V. ANDERSON, ESQUIRE

On the morning of January 26, 2016, at approximately 9:10 a.m., the Chambers of Chief Judge Stephen C. St. John received a telephone call from Anderson & Associates, P.C. ("Mr. Anderson's office"). The caller, who identified herself as Rebecca from Mr. Anderson's office, informed Heather Berry, Career Law Clerk to Chief Judge St. John, that an individual identifying himself as Chief Judge St. John called the law office earlier that morning inquiring as to why Timothy V. Anderson, Esquire, had failed to appear for a hearing before him at 9:00 a.m. that morning. Mrs. Berry informed Rebecca that she did not believe that anyone from the Court had attempted to contact Mr. Anderson; that Chief Judge St. John did not have any matters on his docket that morning; and that the only matters scheduled for that day were before Judge Frank J. Santoro. Rebecca responded by indicating that, based upon information from other individuals in Mr. Anderson's office, the caller did indeed identify himself as Chief Judge St. John and further indicated that the telephone displayed "U.S. Courts" and that the second three (3) digits of the telephone number were "222." Mrs. Berry assured Rebecca that Mr. Anderson had not failed to appear for a hearing before Chief Judge St. John and advised her that she would inquire with other Bankruptcy Court staff members to determine if someone else at the Court had attempted to contact Mr. Anderson.

Upon completing her call with Rebecca, Mrs. Berry inquired with Judge Santoro's staff regarding whether anyone had attempted to contact Mr. Anderson's office; Judge Santoro's staff replied in the negative. Mrs. Berry inquired with Chief Judge St. John's Courtroom Deputy, who

also indicated she had not attempted to contact Mr. Anderson's office. The Courtroom Deputy then polled the Clerk's Office staff to determine if any other staff member had attempted to contact Mr. Anderson's office. The Courtroom Deputy advised Mrs. Berry that no one in the Clerk's Office had attempted to contact Mr. Anderson's office.

Mrs. Berry then contacted the United States Marshals Service to relay the above series of events. She also informed the Deputy Marshal that she believed Mr. Anderson was currently in Judge Santoro's Courtroom (Bankruptcy Courtroom 2). The Deputy Marshal instructed Mrs. Berry to inquire with Mr. Anderson if he had any knowledge about the alleged phone call. Mrs. Berry immediately went to Bankruptcy Courtroom 2 to speak with Mr. Anderson. Mr. Anderson admitted to Mrs. Berry that he made the above referenced telephone call to his office in which he stated that he was Chief Judge St. John. Mr. Anderson indicated he had utilized the telephone located in the Conference Room attached to Bankruptcy Courtroom 2 to make the call to his office because he did not believe his office staff was giving telephone calls from the Bankruptcy Court the appropriate priority and attention. Mr. Anderson admitted that he telephoned his staff and indicated that he was Chief Judge St. John in an effort to assess whether his staff was properly prioritizing telephone calls received from the Bankruptcy Court. Mr. Anderson's statements were relayed to the Deputy United States Marshal, who then spoke to Mr. Anderson in person about his actions.

Mr. Anderson's use of the Court's telephone to attempt to intimidate his staff was highly inappropriate. The telephone in the Conference Room adjacent to Bankruptcy Courtroom 2 was located there for the convenience of counsel in furtherance of their duties to the Court and their clients.[1] The use of the telephone for Mr. Anderson's stated purpose demonstrates, at a minimum, a lack of discretion and judgment by Mr. Anderson. Even more troubling is the use of the Court's own telephone to impersonate the undersigned Chief Judge. Such action is disrespectful, offensive, contemptuous, and shocking to the conscience of the Court.

Mr. Anderson's actions are in contravention of the dignity and integrity this Court expects

---

[1] The telephone in the Conference Room attached to Bankruptcy Courtroom 2 is no longer available for use by counsel.

the members of its' bar to display at all times. Local Bankruptcy Rule 2090-1(I) incorporates by reference the ethical standards regarding the practice of law as set forth in the Virginia Rules of Professional Conduct. Pursuant to Virginia Rule of Professional Conduct 8.4(b), "[i]t is professional misconduct for a lawyer to . . . commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law." Va. R. Prof'l Conduct 8.4(b). Rule 8.4(c) states that a lawyer also engages in professional misconduct if he "engage(s) in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law . . . ." Id. 8.4(c).

Therefore, the Court finds that Mr. Anderson should appear and show cause why his actions do not violate Virginia Rule of Professional Conduct 8.4; why he should not be held in contempt; and why appropriate sanctions should not be assessed against him as a result of the actions detailed above, including, but not limited to, imposition of a monetary fine, suspension of his privilege to practice before this Court, or permanently disbarment from practice before this Court.

Accordingly, the Court ORDERS **Timothy V. Anderson, Esquire**, to personally appear before the undersigned United States Bankruptcy Judges on **Thursday, March 3, 2016, at 10:00 a.m.** at the United States Bankruptcy Court, Courtroom 1, Fourth Floor, 600 Granby Street, Norfolk, Virginia 23510, and show cause (1) why his actions do not violate Virginia Rule of Professional Conduct 8.4; (2) why he should not be held in contempt; and (3) why appropriate sanctions should not be assessed against him as a result of the actions detailed above, including, but not limited to, imposition of a monetary fine, suspension of his privilege to practice before this Court, or permanently disbarment from practice before this Court.

The Court further ORDERS that the Clerk's Office is directed to open a miscellaneous proceeding on this matter.[2]

---

[2] The Clerk's Office advised the Chambers of both undersigned Judges that Mr. Anderson delivered written communication directed to the Judges' attention at approximately 12:00 p.m. on January 26, 2016. Such communication has not been reviewed by the undersigned Judges, but it is presumed that such communication relates to the events detailed here. To the extent Mr. Anderson wishes to addresses the events detailed in this order, an appropriate

The Clerk shall deliver copies of this Order to Timothy V. Anderson, Esquire, Anderson & Associates, P.C., 2492 North Landing Road, Suite 104, Virginia Beach, Virginia 23456; Judy A. Robbins, United States Trustee for Region 4, Office of the United States Trustee, 1835 Assembly Street, Suite 953, Columbia, South Carolina 29201; and Kenneth N. Whitehurst, III, Assistant United States Trustee, Office of the United States Trustee, 200 Granby Street, Suite 625, Norfolk, Virginia 23510.

IT IS SO ORDERED.

Entered: January 26, 2016

STEPHEN C. ST. JOHN
Chief United States Bankruptcy Judge

FRANK J. SANTORO
United States Bankruptcy Judge

**NOTICE OF JUDGMENT OR ORDER**
Entered on docket JAN 2 6 2016

---

response should be filed in the miscellaneous proceeding.